UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| LUIS DARIO PADILLA, | ) | Case No. CV 12-01731-JST (VBK) |
| Petitioner, | ) ) | MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS |
| v. | ) ) | CORPUS |
| FERNANDO PEREZ, | ) ) | |
| Respondent. | ) ) | |

On February 29, 2012, Luis Dario Padilla (hereinafter referred to as "Petitioner"), in state custody, filed a "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California. On October 24, 2011, Petitioner alleges he was convicted of battery without serious injury. (Petition at 1-2.) Petitioner was sentenced to 5 months in state prison. (Petition at 1.) Petitioner alleges the following claim: denial of due process of law; abuse of authority; illegal sentencing; and discrimination towards Petitioner. (See Petition at 6.)

It appears conclusively from the face of the Petition that state remedies have not been exhausted.  There is no indication in the

Petition whatsoever that the California Court of Appeal or California Supreme Court have been given an opportunity to rule on Petitioner's contentions.

Federal habeas petitioners challenging the legality of custody pursuant to a state court judgment must first exhaust any remedies available in the state courts, unless circumstances exist which make such remedies ineffective. (28 U.S.C. §2254(b)(1).) This exhaustion requirement is not met if a petitioner has the right, under state law, to raise the claims presented in any available state procedure. (28 U.S.C. §2254 (c).)

The exhaustion requirement is designed to protect the role of the state courts in the enforcement of federal law and to prevent disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982). A petitioner has exhausted state remedies if he has fairly presented each and every one of his federal claims to the highest state court with the jurisdiction to consider them. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995) (per curiam), citing Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509 (1971); Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir. 1992). A claim has been fairly presented if the petitioner has described the operative facts and legal theory upon which his claim is based. Bland v. California Department of Corrections, 20 F.3d 1469, 1473 (9th Cir.), cert. denied 513 U.S. 947 (1994). Further, the petitioner must have alerted the state court that a claim is asserted under the United States Constitution. Duncan, 513 U.S. at 365; Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996). If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity

1  to the issues raised in state court.  <u>Keating v. Hood</u>, 133 F.3d 1240,
2  1241 (9th Cir. 1998); <u>citing</u> <u>Johnson</u>, 88 F.3d at 829; <u>see also</u> <u>Crotts</u>
3  <u>v. Smith</u>, 73 F.3d 861, 865 (9th Cir. 1996).

4     **ACCORDINGLY, IT IS ORDERED** that the Petition be dismissed without
5  prejudice.

8  DATED: March 16, 2012      _____
                              JOSEPHINE STATON TUCKER
9                             UNITED STATES DISTRICT JUDGE

11 Presented on
   March 20, 2012 by:

13 _____
   VICTOR B. KENTON
14 UNITED STATES MAGISTRATE JUDGE

3